UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY CAREY | CIVIL ACTION |
| VERSUS | NO. 23-7053 |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE EVA J. DOSSIER |

### ORDER AND REASONS

Before the Court, by consent of the parties[1] and as authorized by 28 U.S.C. § 636(c), is Plaintiff's Motion for Summary Judgment (R. Doc. 18). Plaintiff timely filed this action for judicial review[2] after the Social Security Administration (the "Administration") issued a final denial of his claim for disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 423, *et seq*.[3] Plaintiff asks the Court to vacate the Administrative Law Judge's (ALJ) holding that Plaintiff is not entitled to the benefits he seeks and remand this matter for further administrative proceedings.[4] The Administration, via Commissioner Martin O'Malley (the "Commissioner"), urges the Court to affirm the denial of benefits and dismiss this case.[5] Having carefully considered the parties' briefing and the

---

[1] *See* R. Doc. 14.
[2] *See* 42 U.S.C. § 405(g).
[3] R. Doc. 1.
[4] R. Docs. 18-2, 25.
[5] R. Doc. 24.

1

administrative record[6] in the light of the applicable law, the Court denies Plaintiff's Motion and affirms the decision of the ALJ.

## I. Background

Plaintiff is a 63-year-old male.[7] He has a twelfth-grade education and work experience as a crane operator, kitchen helper, janitor, and surveillance system monitor.[8] In February 2021, Plaintiff applied for disability insurance benefits asserting that epilepsy/seizures, traumatic brain injury, arthritis in his hands and feet, anxiety, and myopia rendered him disabled as of March 17, 2017.[9] After the Administration denied his application, a hearing to review the claim was held before an ALJ at Plaintiff's request.[10] The ALJ issued a decision in May 2023 holding that Plaintiff was not disabled within the definition of the SSA[11] between March 17, 2017 and the last date on which Plaintiff met the status requirements for disability insurance coverage (December 31, 2022).[12]

The ALJ conducted the five-step sequential analysis required by 20 C.F.R. § 404.1520 to consider a claimant's assertion of disability. As the Fifth Circuit has explained:

> The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3) If so, does her impairment(s) meet or equal a listing in Appendix 1 of the

---

[6] R. Doc. 11.
[7] *Id.* at 31.
[8] *Id.* at 197, 221.
[9] *Id.* at 18, 216, 220.
[10] *Id.* at 18, 21, 39, 148.
[11] *See* 42 U.S.C. §§ 416(i), 423(d).
[12] R. Doc. 11 at 15–31.

2

applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience?

*Vasquez v. O'Malley*, 2024 WL 4381269, at *1 (5th Cir. Oct. 3, 2024) (quoting 20 C.F.R. § 404.1520). At steps one through four, the burden of proof is on the claimant to show he is disabled. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001). If the claimant can carry this burden through step three or four, he has established disability and the inquiry is over. *Id.* Otherwise, the burden shifts to the Commissioner at step five to prove the claimant nonetheless retains sufficient functional capacity to adjust to other employment. *Id.*

The ALJ found that Plaintiff satisfied steps one and two. First, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability.[13] Second, Plaintiff suffered from several severe medical impairments, including epilepsy with a history of traumatic brain injury, degenerative disc disease and arthropathy of the cervical spine, osteoarthritis of the left knee, and a depressive disorder.[14] The ALJ also concluded that Plaintiff suffered from the non-severe impairments of myopia and obesity.[15] The ALJ determined, however, that Plaintiff

---

[13] *Id.* at 21.
[14] *Id.* at 21–24; *see also* 20 C.F.R. § 404.1521. The ALJ also considered Plaintiff's complaints of anxiety and arthritis but determined those did not constitute medically determinable impairments. R. Doc. 11 at 21–22.
[15] *Id.* at 21.

3

did not satisfy step three because none of these impairments or any combination thereof met or equaled an impairment listed in Appendix One.[16]

Continuing to step four, the ALJ found that Plaintiff has the residual functional capacity to perform medium work with some limitations.[17] The ALJ determined that Plaintiff is unable to operate a vehicle and must avoid certain hazardous or fast-paced work environments.[18] But the ALJ found that Plaintiff can nonetheless understand, remember, and apply both simple and detailed instructions and is able to adapt to occasional changes in work setting or routine.[19] The ALJ concluded that Plaintiff thus retained the functional capacity required to perform his past relevant work as a janitor or surveillance system monitor.[20] Therefore, it held that Plaintiff was not disabled during the period for which he claims entitlement to disability insurance benefits.[21]

Now petitioning this Court for review, Plaintiff asserts the ALJ failed to properly evaluate one of his proffered expert medical opinions.[22] Plaintiff argues that this non-harmless error requires vacatur and remand for further consideration by the ALJ.[23] In opposition, the Commissioner argues the ALJ applied the proper legal

---

[16] *Id.* at 22–23; *see also* 20 C.F.R. § 404.
[17] *Id.* at 24.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 30–31.
[21] *Id.*
[22] R. Doc. 18-2 at 2–7.
[23] *Id.*

4

standards in evaluating the record evidence and that its decision must be affirmed as supported by substantial evidence.[24]

## II. Standard of Review

This Court's review of a denial of social security benefits "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This must constitute "more than a mere scintilla" of evidence but may be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment . . . even if [the Court concludes that] the evidence preponderates against" the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings to support" the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343–44). If supported by substantial evidence, the ALJ's determination is conclusive and must be affirmed. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)).

---

[24] R. Doc. 24.

## III.  Discussion

Plaintiff argues the ALJ's determination that he was not disabled is unsupported by substantial evidence because the ALJ "improperly rejected" the medical opinion of Registered Nurse Practitioner Sharon Benson.[25] As directed by 20 C.F.R. § 404.1520c, the ALJ must consider all record medical opinions and prior administrative medical findings based on: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) any other factors that tend to support or contradict a medical opinion or prior administrative medical finding. Because supportability and consistency are the most important factors, the ALJ must explain its consideration of those factors in weighing and evaluating each medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). "[S]upportability looks internally to the bases presented by the medical opinion itself." *Sharon H. v. Kijakazi*, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022).[26] Thus, "[i]n articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, did not examine the claimant, or did not provide a detailed explanation for [their] opinion."

---

[25] R. Doc. 18-2 at 2.
[26] *See also Guillory v. Kijakazi*, 2023 WL 9751083, at *3 (E.D. La. Sept. 1, 2023), report and recommendation adopted, 2024 WL 711604 (E.D. La. Feb. 21, 2024).

6

*Guillory*, 2023 WL 9751083, at *3 (quoting *Starman v. Kijakazi*, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (collecting cases)).

Consistency, on the other hand, is the "extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01 (Jan. 18, 2017). "[C]onsistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals." *Sharon H.*, 2022 WL 3951488, at *3. The greater a medical opinion's consistency with other medical sources or record evidence, the greater its persuasive value. 20 C.F.R. § 1520c(c)(2).

Plaintiff argues that the ALJ failed to consider Ms. Benson's opinion and "mischaracterize[d]" it.[27] Thus, Plaintiff contends, the ALJ's decision lacks substantial supporting evidence and is insufficient with respect to both supportability and consistency.[28] In support of this argument, Plaintiff points to a handful of cases in which district courts have reversed and remanded an ALJ's decision because an inadequate explanation of the consistency and supportability factors "makes it impossible to determine whether the ALJ properly considered and weighed that opinion." *Cardenas v. Kijakazi*, 2022 WL 2719044, at *8 (S.D. Tex. June 3, 2022), report and recommendation adopted, 2022 WL 2715204 (S.D. Tex. July 12, 2022). In those cases, however, remand was necessary because the ALJ had provided

---

[27] R. Doc. 18-2 at 5.
[28] *Id.*

essentially no discussion of one or both factors in weighing a medical opinion, rendering the district court unable to perform even its highly deferential review of the ALJ's decision. *See id.*; *see also Ramirez v. Saul*, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021); *Crystal G. v. Kijakazi*, 2022 WL 4001148, at *12 (N.D. Tex. Aug. 16, 2022), report and recommendation adopted, 2022 WL 4002902 (N.D. Tex. Aug. 31, 2022); *Johnson v. Kijakazi*, 2023 WL 198628, at *2 (W.D. Tex. Jan. 17, 2023).

The ALJ's discussion here, by contrast, is not so inadequate. The discussion of Ms. Benson's opinion is brief, but detailed:

> According to Sharon Benson, RNP, CSR-APRN, on December 9, 2022, the claimant would be off-task due to his symptoms for 20% of the time and may be absent due to his symptoms twice per month (Exhibit 15F). The undersigned finds Ms. Benson's opinion unpersuasive because she is a non-examining nurse practitioner with no apparent specialized mental health expertise and although she refers to records in evidence, she primarily cites to subjective information provided by the claimant and his wife rather than objective findings. Additionally, the undersigned notes that none of the records Ms. Benson references establish the limitations she assessed regarding being off task and absent.[29]

Thus, with regard to the supportability factor, the ALJ explained it found Ms. Benson's opinion unpersuasive because "although she refers to records in evidence, she primarily cites to subjective information provided by the claimant and his wife rather than objective findings[,]" finding little or no objective record evidence supporting Ms. Benson's medical opinion.[30] The ALJ also noted that Ms. Benson was a "non-examining nurse practitioner with no apparent specialized mental health

---

[29] R. Doc. 11 at 30.
[30] *Id.*

8

expertise."[31] Whether an expert medical opinion is offered by an examining or non-examining provider is a factor the ALJ may consider when evaluating the opinion's supportability. *See Guillory*, 2023 WL 9751083, at *3.

As for the consistency factor, the ALJ explained that what little objective record evidence Ms. Benson cited in her report did not in fact establish the limitations she assessed to Plaintiff.[32] This explanation suffices for the Court to perform the limited and deferential review of the ALJ's decision permitted under 42 U.S.C. § 405(g). Remand for reevaluation of Ms. Benson's opinion is not necessary here.

The ALJ found that the record evidence overall indicates Plaintiff responds well to conservative medical treatment.[33] It found of greater consistency and supportability, and thus greater persuasive value, the proffered medical opinions from state agency psychological consultants that Plaintiff could work in a standardized work environment with minimal variation.[34] It pointed to evidence of Plaintiff's "linear, logical, and/or coherent though processes, intact insight/judgment, and calm, cooperative behavior noted upon mental status examinations" and reports of normal medical results upon physical examination.[35] This is thus not a case where

---

[31] *Id.*

[32] *Id.* at 29–30. The Court notes that, as stated *supra,* 42 U.S.C. § 405(g) does not empower a reviewing court to substitute its judgment for the ALJ's "even if the evidence preponderates against" the ALJ's decision. *Johnson*, 864 F.2d at 343. While the record evidence cited in Ms. Benson's report may be reasonably interpreted as consistent with her medical opinions, on its exceedingly deferential review, this Court finds no reversible error in the ALJ's conclusion that the record did not establish the limitations she assessed to Plaintiff. *See Taylor*, 706 F.3d at 602.

[33] R. Doc. 11 at 28.

[34] *Id.* at 29–30.

[35] *Id.* at 29.

"no credible evidentiary choices or medical findings support" the ALJ's decision. *Harris*, 209 F.3d at 417. The ALJ's denial of benefits to Plaintiff is supported by substantial evidence and must be affirmed.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Anthony Carey's Motion for Summary Judgment (R. Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED** and that this matter is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 3rd day of December, 2024.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE
